**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| DWIGHT J. HASKINS, | DOCKET NUMBER |
| Appellant, | DC-1221-13-6540-W-1 |
| v. | |
| FEDERAL DEPOSIT INSURANCE CORPORATION, | DATE: September 29, 2014 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dwight J. Haskins, Bellingham, Washington, pro se.

Scott David Cooper, Arlington, Virginia, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed the appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 ([5 C.F.R. § 1201.115](#)).  After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  We AFFIRM the initial decision, except as expressly MODIFIED by this Final Order to further address the possible applicability of the Whistleblower Protection Enhancement Act (WPEA), Pub. L. No. 112-199, 126 Stat. 1465, to the appellant's claim.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2        In this individual right of action (IRA) appeal, the appellant alleged that he applied for a large bank analyst position "in later 2011" and that the agency failed to select him in retaliation for contacting agency equal employment opportunity (EEO) officials, as well as the agency's chairman, inspector general, ombudsman, the Government Accountability Project, and the Office of Special Counsel (OSC). Initial Appeal File (IAF), Tab 1 at 11.  With his IRA appeal, the appellant included a copy of his OSC complaint (MA-13-0697), letters from OSC notifying him of its preliminary and final decisions to close its file on that complaint, the appellant's response to OSC's preliminary determination, and correspondence with the agency's chief counsel regarding confidential information she alleged that the appellant had published on his blog. *Id.* at 15-59.  He also included an e-filing form for another OSC complaint dated March 20, 2013, which, by its lack of an OSC docket number, does not appear to have been completed. *Id.* at 60-68.

¶3      The administrative judge issued an order in which she set forth the elements and burdens the appellant must meet to establish jurisdiction over his IRA appeal. IAF, Tab 3.  The appellant filed a response in which he addressed both the instant IRA appeal and his separately docketed involuntary retirement appeal.[2]  IAF, Tab 5.  Without holding a hearing, the administrative judge dismissed this appeal for lack of jurisdiction, finding that the appellant failed to identify his allegedly protected disclosures, the dates on which he made those alleged disclosures, or how those disclosures were contributing factors to any of the personnel actions challenged in his submissions.  IAF, Tab 10, Initial Decision (ID) at 5.  The administrative judge further found that the appellant had "identified no evidence that, if true, would show that anyone who took or failed to take a personnel action against him, or anyone who influenced them, had any knowledge of his alleged protected disclosures."  ID at 5.

¶4      In his timely-filed petition for review, the appellant asserts that the Board has purposely ignored "the complete record of evidence," which he claims shows "a systematic and orchestrated agreement amongst regulators to hide the true condition of the banks" in order to conclude that he is not a whistleblower, and further claims that if his "warnings and pleas [had] not been ignored by these officials, the public would have been spared a great deal of harm the financial crises caused."  Petition for Review (PFR) File, Tab 1 at 1.  He also challenges the Board's failure to apply the WPEA to his claim.  *Id.* at 1-2.  The agency did not respond.

¶5      The record reflects that the administrative judge properly gave the appellant specific instructions to, among other things, identify the exact disclosures and personnel actions he alleged in this IRA appeal.  IAF, Tab 3 at 7; *see Hoback v.*

---

[2] The administrative judge dismissed the appellant's involuntary retirement appeal for lack of jurisdiction.  *Haskins v. Federal Deposit Insurance Corporation*, MSPB Docket No. DC-0752-13-6541-I-1, Initial Decision (Oct. 30, 2013).  The appellant did not file a petition for review and the initial decision in that matter became the Board's final decision on December 4, 2013.  *Id.* at 3; *see* 5 C.F.R. § 1201.113.

*Department of the Treasury*, [86 M.S.P.R. 425](#), ¶ 6 (2000) (it is well within an administrative judge's wide discretion to issue very specific orders that require IRA appellants to clarify their allegations by providing detailed information concerning disclosures and personnel actions). The appellant responded with generalized, conclusory assertions without regard to the specific requirements of the administrative judge's order. IAF, Tab 5. In his petition for review, the appellant similarly combines and conflates the evidence and elements of his previous unsuccessful appeals[3] with his contentions regarding the instant matter into a conclusory narrative, which makes it particularly difficult to identify the specific evidence allegedly pertinent to the instant IRA appeal. PFR File, Tab 1; *see Haskins v. Federal Deposit Insurance Corporation*, MSPB Docket No. DC-1221-11-0416-W-1, Final Order (Sept. 28, 2012) (Robbins, M., concurring) (noting with regard to similar presentations by the appellant that it is not the Board's obligation to pore through the record or to construe and make sense of allegations based on unidentified parts of the file). Nevertheless, we have reviewed the appellant's allegations in their entirety and have determined that, for the following reasons, the appellant's claim in this action is outside the Board's IRA jurisdiction.

¶6 In his OSC complaint, MA-13-0697, the appellant indicated that he claimed reprisal for his filing of an EEO complaint. IAF, Tab 1 at 29, 33. Save for repeated references to his previous closed appeals, he asserted no other grounds for his complaint. *Id.* More explicitly, in his June 25, 2013 letter to OSC regarding its preliminary determination on the complaint at issue in this IRA appeal, the appellant makes clear that this action only involves reprisal

---

[3] *Haskins v. Federal Deposit Insurance Corporation*, MSPB Docket No. DC-1221-11-0416-W-1, Final Order (Sept. 28, 2012); MSPB Docket No. DC-1221-13-0087-W-1, Initial Decision (Nov. 16, 2012); MSPB Docket No. DC-0752-13-6541-1-1, Initial Decision, (Oct. 30, 2013). The initial decisions in the latter two appeals became the Board's final decisions on December 21, 2012 and December 4, 2013, respectively, when neither party filed a petition for review. *See* [5 C.F.R. § 1201.113](#).

purportedly taken against him for his filing of an agency EEO complaint and not for any of his alleged whistleblowing disclosures. *Id.* at 41 ("I am not trying to re-hash earlier complaints that were decided and desire to emphasize that my new October/November complaints are not for my whistleblowing disclosures I previously made to the chairman, auditors, ombudsman, or inspector general in 2009 or 2010"). Although the appellant maintains that there remains a pattern of retaliation and reprisal, he asserts that "the events which precipitated unlawful action by the respondent that have been taken against me in 2011 are for a completely different and separate reason, my filing a complaint with the EEO office at the FDIC." *Id.* However, reprisal for the filing of an EEO complaint is a prohibited personnel practice under 5 U.S.C. § 2302(b)(9), not 5 U.S.C. § 2302(b)(8). *See, e.g.*, *Applewhite v. Equal Employment Opportunity Commission*, 94 M.S.P.R. 300, ¶ 23 (2003).

¶7        As noted above, the appellant argues that the Board erred in not applying the WPEA to his IRA appeal. PFR File, Tab 1 at 1. Under 5 U.S.C. § 1221(a), as amended by WPEA section 101(b)(1)(A), an employee, former employee, or applicant for employment may, with respect to any personnel action taken, or proposed to be taken against such employee, former employee, or applicant for employment, as a result of a prohibited personnel practice described in 5 U.S.C. § 2302(b)(8) or § 2302(b)(9)(A)(i), (B), (C), or (D), seek corrective action from the Board.

¶8        Among other things, the WPEA expanded the scope of 5 U.S.C. § 2302(b)(9), to include:

> (A) the exercise of any appeal, complaint, or grievance right granted by any law, rule, or regulation--
>> (i) with regard to remedying a violation of paragraph (8); or
>> (ii) other than with regard to remedying a violation of paragraph (8).

Of those two categories, the WPEA extended the Board's IRA jurisdiction to claims arising under 5 U.S.C. § 2302(b)(9)(A)(i), but not to those arising under

(b)(9)(A)(ii).  *See* WPEA section 101(b)(1)(A).  Nevertheless, the appellant's refusal to provide the details of his EEO complaint, as the administrative judge correctly found, precludes finding Board jurisdiction over this IRA appeal.  *See* ID at 6 n.2 ("the appellant did not allege or show that his EEO and other alleged activity pursuant to § 2302(b)(9) involved remedying a violation of § 2302(b)(8) so as to fall within the enhanced protection of the WPEA").  Thus, the appellant failed to show that the Board has jurisdiction over his reprisal claim under the WPEA.  *See Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.  The court of appeals must receive your petition for review within 60 days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012).  If

you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board

neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:              _____
                            William D. Spencer
                            Clerk of the Board

Washington, D.C.